IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

VS.                                                                            Criminal No. 2:17-cr-00095

DOROTHY V. HARRIS

### UNSECURED APPEARANCE BOND AFTER INDICTMENT

**WHEREAS**, at a session of the Grand Jury for the Western District of Pennsylvania held on April 25, 2017, the Grand Inquest of the United States within and for the District aforesaid, found a true bill of indictment against the said **DOROTHY V. HARRIS** for having violated **18 U.S.C. 641** as by reference to the said indictment now on file and of record in this Court will more fully and at large appear;

**AND WHEREAS**, the said **DOROTHY V. HARRIS** has been brought before the said District Court, to answer the indictment aforesaid;

**AND WHEREAS**, the said District Court thereupon ordered the said **DOROTHY V. HARRIS** to post an unsecured bond in the sum of **TEN THOUSAND** Dollars; and that in default of such bail, said **DOROTHY V. HARRIS** should stand committed for trial.

**NOW THEREFORE**, I the undersigned, acknowledge that I and my personal representatives are bound to pay to the United States of America the sum of **Ten Thousand Dollars ($10,000)** The conditions of this bond are that if the defendant does not depart the jurisdiction of the Court without leave, except as authorized below;

_____

_____

personally appears at the District Court of the United States for the Western District of Pennsylvania on such day or days hereafter as said District Court may order; does at all times agree to adhere to the additional conditions of release outlined by exhibit "A" attached to this bond (Additional Conditions of Release While on Unsecured Bond); does at all times render herself amenable to the orders and process of the Court to answer all such matters and things as shall be objected against her, and if convicted does appear for judgment and render herself in execution thereof upon such day as the said District Court may order, then this Recognizance will be void, otherwise to remain in full force and virtue.

I acknowledge receipt of a separate list of counties comprising the jurisdiction of United States District Court for the Western District of Pennsylvania.

Defendant is not to comment any offense in violation of federal, state or local law.

I understand that if I violate any condition of my release, a warrant for my arrest will issue immediately. After arrest, the terms and conditions of any further release will be redetermined.

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation or release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for failure to appear while released as provided in 18 U.S.C. §3146, and a charge of contempt, as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment and/or fine.

The Commission of any offense while on pretrial release will result in an additional sentence, upon conviction for such offense, to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a

misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C §1510 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years in prison and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable up to ten years in jail and $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

> (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant may be fined not more than $250,000 or imprisoned not more than ten years, or both;
>
> (2) any other offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant may be fined not more than $250,000 or imprisoned for not more than five years, or both;
>
> (3) any other felony, the defendant may be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant may be fined not more than $100,000 or imprisoned not more than one year or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

And further, I do hereby empower any Attorney of any Court of Record within the Commonwealth of Pennsylvania or elsewhere to appear for me and, with or without one or more declarations filed, confess judgment against me and in favor of the United States of America for the above sum with costs of suit, and release of all errors and without stay of execution, inquisition and extension upon any levy of personal property or real estate is hereby waived and condemnation agreed to, and the exemption of personal property from levy and sale on any execution herein is also expressly waived and no benefit of exemption shall be claimed under and by virtue of any exemption law now in force or which may be hereafter passed.

In full understanding of the methods and conditions of my release and the penalties and forfeiture applicable in the event I violate any condition or fail to appear as required, and agreeing to comply fully with each of the obligations imposed on my release and to notify the magistrate judge of this Court promptly in the event I change the address indicated on the attached page.

I execute this bond this 25th day of April, 2017, at Pittsburgh, PA.

_____
(Signature of Defendant)

Signed and acknowledged before me this 25th day of April, 20<u>17</u>.

*[signature]*

J. Michael Banas
(Deputy Clerk)

Exceptions, if any are hereby approved:

_____

Assistant U.S. Attorney

## ADDITIONAL CONDITIONS OF RELEASE WHILE ON UNSECURED BOND

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.
IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( X ) (7) The defendant shall:
    ( X ) (a) report to the  U.S. Pretrial Services ,
                 telephone number  1-800-366-0207 , not later than  as directed .
    (   ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
    (   ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
    (   ) (d) execute a bail bond with solvent sureties in the amount of $ _____ .
    (   ) (e) maintain or actively seek employment.
    (   ) (f) maintain or commence an education program.
    ( X ) (g) surrender any passport to:  U.S. Pretrial Services
    ( X ) (h) obtain no passport.
    ( X ) (i) abide by the following restrictions on personal association, place of abode, or travel:
                 Defendant confined to the Western District of Pennsylvania
    (   ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:
    (   ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows:  as directed by pretrial services.
    (   ) (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
    (   ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
    ( X ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
    ( X ) (o) refrain from   (   ) any   ( X ) excessive use of alcohol.
    ( X ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
    ( X ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
    ( X ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
    ( X ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
    (   ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which (   ) will or (   ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
                 (   ) (i) **Curfew.** You are restricted to your residence every day (   ) from _____ to _____ , or (   ) as directed by the pretrial services office or supervising officer; or
                 (   ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
                 (   ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
    ( X ) (u) **report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.**
    (   ) (v) _____
    ( X ) (w) The defendant shall not commit any offense in violation of federal, state or local law. The Defendant must notify the Pretrial Services Officer immediately of any change in address, telephone or employment
    ( X ) (x) _____

# EXHIBIT 'A' TO UNSECURED BOND